UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PHILLIPPA SMITH                                    CIVIL ACTION

VERSUS                                             NO. 4:19- CV-2207

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

## COMPLAINT

The Complaint of Phillippa Smith respectfully alleges:

1.    This is a claim for long term disability benefits.

2.    This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and
      the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.    **Plaintiff, Phillippa Smith**, of lawful age and a resident of Houston, Texas is a plan
      participant and beneficiary of a group disability plan created by her employer, Klein
      Independent School District and an insured participant of a group disability policy issued
      by Hartford Life and Accident Insurance Company.

4.    **Defendant, Hartford Life and Accident Insurance Company ("Hartford Life")**, is a
      foreign corporation, doing business in Texas. Upon information and belief, Hartford is
      incorporated in Connecticut and its principal place of business is in the state of Connecticut.

5.    Hartford issued a group disability policy, No. GLT-395330, insuring the employees of
      Klein Independent School District.

6.    Plaintiff's disability policy is part of a non-ERISA plan, as Klein Independent School
      District is a governmental entity and therefore exempt from ERISA under 29 U.S.C. Sec.
      1002(32).

# I.   BACKGROUND

7.  Ms. Smith was forced to stop working as a high school counselor due to debilitating pain and restricted functional limitations related to rheumatoid arthritis, fibromyalgia, and carpal tunnel syndrome.

8.  Plaintiff's LTD benefits were paid until January 13, 2018 but terminated benefits after this date, asserting that it believed Ms. Smith had the functional capacity to return to work after January 13, 2018.

9.  Plaintiff appealed the denial by detailed letter of March 19, 2019, explaining that Hartford had ignored the restrictions and limitations set by her treating providers and by the FCE examiner. Indeed, her doctors and the FCE examiner noted that she suffers from decreased sitting tolerance, decreased standing tolerance and decreased walking tolerance due to rheumatoid arthritis and fibromyalgia.  Her FCE examiner also noted that she was restricted from performing prolonged sitting, standing, and walking.

10. Plaintiff also submitted an additional FCE with her appeal, which demonstrate that she continues to have a "no safe work capacity." As with the previous FCE, the examiner notes deficits in prolonged sitting, standing, and walking.

11. Despite receiving information demonstrating that Plaintiff is entitled to continuing benefits under policy terms, Hartford denied her appeal by letter of May 2, 2019.

12. Plaintiff is disabled under the terms of the long-term disability policy and has provided Hartford with ample medical documentation and other evidence supporting her claim for disability benefits.

13. Despite receipt of overwhelming proof of Plaintiff's entitlement to disability benefits, Hartford has failed to reinstate her disability benefits within 60 days as required under Tex. Ins. Code Ann. § 542.058 and § 542.060.

14. Harford also wrongfully denied Plaintiff's request for an increase to her monthly benefit, as the evidence demonstrates that Hartford had underpaid her benefits during the time that her claim was approved.

15. Plaintiff explained to Harford that her benefits were being underpaid, but Hartford refused to pay the correct amount of her benefits.

## II.     UNFAIR TRADE PRACTICES

16. Plaintiff incorporates all above paragraphs as if they were alleged in this section.

17. Defendant has relied on reviewing medical providers who provided opinions which Defendant used to deny Plaintiff's LTD benefits.  Such reports are biased and results driven, as demonstrated by the fact that the report cherry-picks information by overemphasizing information that supports the insurer's position and de-emphasizes information that supports disability.

18. Defendant operated with a predetermined agenda to find Plaintiff not disabled under policy terms.  Defendant in bad faith relies on the reports of non-treating physicians who never examined Plaintiff in person, over the opinions of treating doctors and an FCE examiner who have more knowledge of Plaintiff's disabling condition.

19. Defendant has failed to consider Plaintiff's credible, debilitating symptoms.

20. Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not totally disabled.

21. Defendant has failed to apply the proper definition of disability to Plaintiff's circumstances.

22. Defendant's consultants completed their reports without examining Plaintiff.

23. Defendant refused to reverse the denial of Plaintiff's benefits after receiving overwhelming evidence supporting his disability.  Defendant has ignored Plaintiff's appeal, in bad faith, including the FCE report submitted with the appeal.

24. Defendant has administered the LTD claim with an inherent and structural conflict of interest as Defendant is liable for benefits due to Plaintiff and each payment depletes Defendant's assets.

25. Defendant's denial of benefits was influenced by its conflict of interest.

26. Defendant denied Plaintiff's LTD claim despite the fact that it previously approved such claims and Plaintiff's condition only deteriorated since the approval of such claims.

27. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

### III.     COUNT I – Breach of Contract

28. Plaintiff repeats and re-alleges all preceding paragraphs in this complaint.

29. Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

30. Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is disabled, as defined in the Plan.

31. In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering a disability as defined in the Plan.

32. Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

33. Defendant breached the Plan/policy when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering a disability, as defined in the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

34. Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

35. As a result of Defendant's breach, Plaintiff suffered financial hardship and mental anguish.

36. By reason of the foregoing, Defendant is liable to Plaintiff for damages.

### IV. COUNT II – Violation of Texas Insurance Code & DTPA

37. Plaintiff re-alleges and incorporates each allegation in the preceding paragraphs as if fully set forth herein.

38. Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

    a. Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

    b. Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

    c. Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the

coverage at issue; (2) failing to attempt in  good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become  reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within  a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

d.  Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact  necessary  to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as *to* mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed;

e.  Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

f.  Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

g.  Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a

transaction into which Plaintiff would not have entered had the information been disclosed;

h. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

i. Defendant failed to afford proper weight to the evidence in Plaintiff's clam file showing that Plaintiff is totally disabled;

j. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious;

k. Defendant failed to furnish Plaintiff a Full and Fair Review;

l. Defendant failed to specify information necessary to perfect Plaintiff's appeal

m. Defendant has denied Plaintiff based on a selective and incomplete review of the records;

n. Defendant failed to credit Plaintiff's treating doctor's opinion;

o. Defendant failed to credit the FCE supporting that Plaintiff is disabled under policy terms;

p. Defendant has wrongfully terminated Plaintiff's LTD benefits without evidence of improvement;

q. Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

r. Defendant failed to consider the side effects of Plaintiff's medications;

s.   Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

t.   Defendant failed to give Plaintiff an opportunity to respond to new evidence;

u.   Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as fiduciary to act in good faith;

v.   Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

w.   Defendant refused to promptly render a decision on Plaintiff's appeal of the denial of his long-term disability benefits;

x.   Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

39. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## V.       COUNT III – Breach of Covenant of Good Faith and Fair Dealing

40. Plaintiff re-alleges and incorporates each allegation in the preceding paragraphs as if fully set forth herein.

41. By selling the insurance policy to Plaintiff and by collecting substantial premiums therefrom, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

42. The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

43. Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

    y.  By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

    z.  By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

    aa. By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

    bb. By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled including several determinations from Plaintiff's treating physician; an FCE examiner's opinion; etc.

    cc. By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

    dd. By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

    ee. By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

    ff. By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

44. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering.

45. The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

46. Defendant's actions directed at Plaintiff are part of a pattern of similar conduct directed at the public generally.

47. Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

48. Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

49. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

50. There is no reasonable basis for denial of Plaintiff's claim or the delay in payment of his claims, and/or Defendant's failure to determine whether there is any reasonable basis for the denial or delay.

## VI.    COUNT IX – Fraud

51. Plaintiff re-alleges and incorporates each allegation in the preceding paragraphs as if fully set forth herein.

52. Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## VII.    COUNT X – Prompt Payment of Claim

53. Plaintiff re-alleges and incorporates each allegation in the preceding paragraphs as if fully set forth herein.

54. Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

55. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

56. Defendant failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

57. Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

58. Defendant failed to approve Plaintiff's benefits after receipt of the FCE that demonstrated that she remains disabled under policy terms.

## VIII.   COUNT XI – Statutory Interest

59. Plaintiff re-alleges and incorporates each allegation in the preceding paragraphs as if fully set forth herein.

60. Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## IX.     CAUSATION

61. The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## X.     DECLARATORY RELIEF

62. Pleading further, Plaintiff will show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that she is entitled to declaratory relief due to (DEFENDANT)'s breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

63. The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to Defendant. The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".  The evidence will show that Plaintiff has submitted a timely appeal of the denial of his disability benefits, submitting overwhelming support of his disability, which Defendant has ignored.

64. The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XI.    ATTORNEY FEES

65. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XII.    JURY DEMAND

66. In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XIII.    KNOWLEDGE

67. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XIV.    RESULTING LEGAL DAMAGES

68. Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

69. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

70. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

71. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

72. Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

73. Plaintiff is also entitled to the recovery of attorney's fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XV.   PRAYER

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1.   Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due long term disability benefits and under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

2.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

3.   Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

/s/ Reagan L. Toledano
Reagan L. Toledano (LA. 29687)
Willeford & Toledano
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com